UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAMES R. HOLCOMB,**

        **Plaintiff,**

v.                           Case No. 6:22-cv-129-CEM-LHP

**P. BOLLINGER, M. KENNARD,
K. WILMOTT, and V. JOSEPH,**

        **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on initial review of Plaintiff's Amended Civil Rights Complaint ("Amended Complaint," Doc. 8). Plaintiff, who is incarcerated at the Osceola County Corrections Department ("Jail") and proceeding *pro se*, filed the Amended Complaint pursuant to 42 U.S.C. § 1983. The Court entered an Order (Doc. 5) directing Plaintiff to file an amended complaint because of deficiencies in the initial Civil Rights Complaint (Doc. 1). For the reasons stated herein, the Amended Complaint will be dismissed for failure to state a claim.

### I.  FACTUAL BACKGROUND

Plaintiff alleges that he is being denied access to the Jail's "law library to prepare [his] defense." (Doc. 8 at 4). Plaintiff states that Defendant P. Bollinger, a classification officer at the Jail, "told [him] that [he was] not a 'pro se' inmate and

therefore will not be provided with law library services." (*Id.* at 5). Plaintiff also states that Defendants M. Kennard and V. Joseph, who were classification officers at the Jail, denied him "legal materials and research via law library" because he was not "pro se." (*Id.*). According to Plaintiff, Defendant K. Wilmott, the classification supervisor at the Jail, denied his grievances relating to this issue.

Plaintiff claims that, without access to the law library, his "pending criminal cases have since been continued due to not being prepared for trial . . . ." (*Id.*). Plaintiff requests access to the law library and monetary damages in order "to expedite the preparation of [his] criminal case through private lawyer and to cover legal costs." (*Id.*).

## II.   LEGAL STANDARD

Plaintiff seeks redress from a governmental entity or employee, and, pursuant to 28 U.S.C. section 1915A(a), the Court is obligated to screen such a prisoner civil rights complaint as soon as practicable. On review, the Court is required to dismiss the complaint (or any portion thereof) under the following circumstances:

> (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B)(i) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious.").[1] Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).

### III. ANALYSIS

In the present case, Plaintiff states that Defendants denied him access to the law library because he was represented by counsel in his state criminal cases. Plaintiff does not dispute that he is represented by counsel in his state criminal cases.

Having legal representation prevents Plaintiff from establishing that he has been deprived access to the courts. *See Wilson v. Blankenship*, 163 F.3d 1284, 1287, 1291 (11th Cir.1998); *see also Peterson v. Ostrander*, No. 1:16-CV-104, 2016 WL 3751681, at *5 (W.D. Mich. July 14, 2016) ("A prisoner who is represented by

---

[1] "A claim is frivolous if it is without arguable merit either in law or in fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

counsel has no freestanding right to access a jail law library."). "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quotation omitted) (citation omitted). An inmate's right of access to the courts is fully protected if he is represented by counsel. *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983).

Plaintiff is being represented by counsel in his state criminal cases, and, therefore, his right of access to the courts for his criminal defense is adequately protected. The Amended Complaint will be dismissed for failure to state a claim.

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED.**

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on February 11, 2022.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party